# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2022

Lyle W. Cayce
Clerk

No. 19-20073

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANN NWOKO SHEPERD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-258-2

Before SMITH, WILLETT, and DUNCAN, *Circuit Judges*.

DON R. WILLETT, *Circuit Judge*:

Ann Sheperd, the owner of a home-health agency, was convicted of Medicare fraud. On appeal she complained that her Sixth Amendment right to effective assistance of counsel had been violated. Turns out, Sheperd's pretrial counsel was also representing one of the Government's star witnesses. We remanded for an evidentiary hearing on whether Shepherd's

lawyer's conflict of interest—a conflict the Government knew about—adversely affected his representation.[1] The district court's answer: Yes.

We ordered the parties "to file letter briefs addressing any issues arising from the district court's . . . findings and conclusions, as well as the appropriate relief (if any)." The Government now concedes that Sheperd's Sixth Amendment right to conflict-free counsel was violated and that "some remedy may nonetheless be warranted." All that's left, then, is to craft that remedy. The Government points us to the Supreme Court's decision in *Lafler v. Cooper*, where the Court explained that "Sixth Amendment remedies should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'"[2] The remedy must "'neutralize the taint' of [the] constitutional violation," but "not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution."[3] For example, when a defendant "decline[s] a plea offer as a result of ineffective assistance of counsel and then receive[s] a greater sentence as a result of trial," then the remedy could involve resentencing or ordering the Government to reoffer the plea deal, depending on the circumstances.[4]

Applying those principles to this case, the appropriate remedy is to VACATE Sheperd's convictions and REMAND for a new trial. That remedy may well cause the Government to spend considerable resources. But

---

[1] *United States v. Sheperd*, 27 F.4th 1075 (5th Cir. 2022).

[2] *Lafler v. Cooper*, 556 U.S. 156, 170 (2012) (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)).

[3] *Id.* (citations omitted).

[4] *See id.* at 170–71.

it is not needless. As the Government admits, it never offered Sheperd a plea deal while she was represented by her conflicted pretrial counsel, or after. So there is no rejected plea deal to measure Sheperd's harm against. And while Sheperd did reject a plea deal well before her conflicted counsel began representing her, the Government argues we cannot order it to reoffer that bargain without violating separation-of-powers principles. So we'll give the Government what it asks for, then, by avoiding any constitutional issue.[5]

The constitutional right to counsel is "perhaps the central feature of our adversarial system," as it "helps make real the Constitution's other criminal procedure promises."[6] And it is not lost on us that the Government *knew* Sheperd's pretrial counsel was conflicted yet delayed informing the district court about it—*for months*.[7] The Government's proposed remedy— to keep the convictions intact but remand for new plea negotiations— wouldn't neutralize the taint of the constitutional violation. After all, what would encourage the Government to offer a reasonable plea when it could hold intact convictions over Sheperd's head? Nothing.

We VACATE Sheperd's convictions and REMAND for a new trial.[8]

---

[5] *See Ghedi v. Mayorkas*, 16 F.4th 456, 466 n.43 (5th Cir. 2021) (noting that we typically answer constitutional questions only as a "last resort" (citation omitted)).

[6] *Sheperd*, 27 F.4th at 1080.

[7] *Id*. at 1081.

[8] We therefore do not need to reach whether Sheperd's Fifth Amendment rights were violated, too. *See id.* at 1087. Finally, we disagree with Sheperd's supplemental briefing requesting additional relief.